### In re A.D.M.

[Cite as *In re A.D.M.*, 183 Ohio App.3d 802, 2009-Ohio-1951.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 22978.

Decided April 17, 2009.

Mary K.C. Soter, for appellant.

Rachel G. Lundy, pro se.

GRADY, Judge.

{¶ 1} Timothy Murphy appeals from a final judgment of the juvenile court in which it declined to rule on Murphy's motion for a change of custody and related relief, finding that a court of another state is a more convenient forum to hear and determine the issues that Murphy's motion presented.

{¶ 2} On November 6, 2006, based on a prior acknowledgment of his paternity of Rachel Buckingham's minor child, A.D.M., Murphy was ordered by the juvenile court to pay child support of $367.67 per month.

{¶ 3} On September 4, 2007, Murphy filed a motion in the juvenile court's proceeding, seeking a change of A.D.M.'s custody, parental testing, and a reduction or recalculation of his support obligation. Murphy alleged that Lundy had moved with A.D.M. to Mesa, Arizona, on or about July 8, 2007. Murphy's motion was referred to a magistrate. The summary of docket and journal entries does not indicate that the magistrate ordered hearings on the motion.

{¶ 4} The magistrate filed a decision on October 2, 2007. The decision states that the case "came before Magistrate G. Douglas Herdman administratively on September 24, 2007," and that the relief regarding support and custody that the motion requested was denied "because this Court is no longer a preferred jurisdiction to hear matters involving the child's custody since he resides in another state with his custodial mother." Parental testing was denied because Murphy had acknowledged paternity of A.D.M.

{¶ 5} Murphy filed objections to the magistrate's decision. Murphy challenged the magistrate's findings and conclusion that a court of another state, Arizona, is a more convenient forum and objected that the magistrate decided the issue of jurisdiction without a hearing.

{¶ 6} The trial court did not rule on Murphy's objections, but referred the matter to the magistrate "for further consideration of the jurisdiction of this Court to determine custody of said child."

{¶ 7} The magistrate conducted a proceeding with the parties present in person or by telephone on January 15, 2008. The magistrate took no evidence, but during a colloquy with Murphy's counsel the magistrate suggested that Lundy and A.D.M.'s move to Arizona operated to deprive Ohio of jurisdiction to hear and determine the relief Murphy's motion requested, notwithstanding the juvenile court's 2006 child-support order. The magistrate filed a decision on January 31, 2008, so holding. The decision again denied Murphy's request for parental testing because he had acknowledged paternity.

{¶ 8} Murphy filed objections to the magistrate's decision. Murphy argued that Ohio has jurisdiction under R.C. 3127.15(A)(1) because A.D.M. was a resident of Ohio until July 2007, which was within six months prior to the filing of Murphy's motion on September 4, 2007. Murphy also objected to other matters. Murphy filed supplemental objections on the issue of jurisdiction.

{¶ 9} The juvenile court sustained Murphy's objection, finding that the court did not lack jurisdiction to grant the relief his motion requested. However, the court also adopted the decision of the magistrate (who found that the court lacked jurisdiction), concluding:

{¶ 10} "The Court has considered the factors listed in R.C. 3127.21(B), and finds this Court is an inconvenient forum. The most persuasive factor in the Court's determination is that the location of the evidence necessary to resolve the pending litigation is in Arizona. Ms. Lundy currently resides in Arizona and her testimony as well as the testimony of the child is likely necessary to determine the pending custody litigation. Therefore, this Court will decline to exercise its jurisdiction after careful consideration of the factors listed in R.C. 3127.21(B).

{¶ 11} "Further, the Court denies Mr. Murphy's request to modify the current support order because there is not currently sufficient evidence in the available record, which would warrant this Court to modify the support order. However, if Mr. Murphy pursues custody or visitation with the Arizona Court he should further request modification of the support order, and provide proof of his necessary travel expenses."

{¶ 12} Murphy filed a notice of appeal from that final judgment.

## FIRST ASSIGNMENT OF ERROR

{¶ 13} "The court erred in declining to accept jurisdiction because Ohio was an inconvenient forum."

{¶ 14} The trial court correctly found that it does not lack jurisdiction to hear and determine Murphy's motion. Ohio was A.D.M.'s home state until July 2007, which was within six months before the motion was filed on September 4, 2007. R.C. 3721.15(A)(1). Furthermore, having ordered Murphy in 2006 to pay child support, the court has continuing jurisdiction regarding matters of support and custody. R.C. 2151.23(F)(1) and (2), 3109.04, 3109.05, and 3105.21; *Van Divort v. Van Divort* (1956), 165 Ohio St. 141, 59 O.O. 207, 134 N.E.2d 715; Civ.R. 75(J).

{¶ 15} R.C. 3127.21(A) states: "A court of this state that has jurisdiction under this chapter to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more convenient forum. The issue of inconvenient forum may be raised upon motion of a party, the court's own motion, or at the request of another court."

{¶ 16} R.C. 3127.21(B) provides, "Before determining whether it is an inconvenient forum, a court of this state shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, *the court shall allow the parties to submit information* and shall consider all relevant factors, including the following:

{¶ 17} "(1) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;

{¶ 18} "(2) The length of time the child has resided outside this state;

{¶ 19} "(3) The distance between the court in this state and the court in the state that would assume jurisdiction;

{¶ 20} "(4) The relative financial circumstances of the parties;

{¶ 21} "(5) Any agreement of the parties as to which state should assume jurisdiction;

{¶ 22} "(6) The nature and location of the evidence required to resolve the pending litigation, including the testimony of the child;

{¶ 23} "(7) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence;

{¶ 24} "(8) The familiarity of the court of each state with the facts and issues in the pending litigation." (Emphasis added.)

{¶ 25} The juvenile court could not consider the factors in R.C. 3127.21(B)(1) through (8) in order to find, on the magistrate's own motion, that the Arizona court is a more convenient forum without first "allow[ing] the parties to submit information" concerning those factors that are relevant to that issue. Id. Because neither the magistrate nor the court allowed the parties to do that, the

juvenile court erred when it proceeded to find that the Arizona court is a more convenient forum.

{¶ 26} Neither could the court deny Murphy's request to modify child support on a finding that the record does not contain sufficient evidence to grant that relief, never having afforded Murphy a hearing on the merits of the relief his motion requested. On remand, the court need not reach that issue if it properly finds that the Arizona court is a more convenient forum. If the court makes that finding, it is required to stay the proceedings on condition that a child-custody proceeding be promptly commenced in Arizona. R.C. 3127.21(C).

{¶ 27} The first assignment of error is sustained.

## SECOND ASSIGNMENT OF ERROR

{¶ 28} "Court erred when it engaged in ex parte communications with the respondent-appellee."

## THIRD ASSIGNMENT OF ERROR

{¶ 29} "The court erred in upholding the magistrate's recommendation which denied the petitioner-appellant's motion to cancel or reduce child support."

{¶ 30} Our disposition of the first assignment of error renders the second and third assignments of error moot. Therefore, we need not decide them. App.R. 12(A)(1)(c).

{¶ 31} The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

FAIN and FROELICH, JJ., concur.